**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD P. AZAR, CYNTHIA M. AZAR, <br><br>         Plaintiffs, <br><br> v. <br><br> CHASE BANK, N.A., TASTYWORKS, INC., <br><br>         Defendants. | Civil Action No. 23-470 (SDW) (JSA) <br><br> **OPINION** <br><br> August 31, 2023 |

**WIGENTON**, District Judge.

Before this Court are Defendants JPMorgan Chase Bank, N.A.'s (improperly pleaded as Chase Bank, N.A.) ('Chase") and Tastyworks, Inc.'s ("Tastyworks") Motions to Dismiss (D.E. 7, 8) Plaintiffs Edward P. Azar[1] and Cynthia M. Azar's Complaint (D.E. 1-2 at 39–45) ("Compl.") and Plaintiffs' Cross-Motions to remand this matter to state court, to amend the Complaint, and for other relief. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. §1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons discussed below, Defendants' Motions to Dismiss are **GRANTED** and Plaintiffs' Cross-Motions are **DENIED.**

---

[1] Plaintiff Edward P. Azar is also the Plaintiffs' attorney of record. Although *pro se* pleadings by non-lawyers are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), that special solicitude does not apply where, as here, the *pro se* litigant is an attorney, *see Wein v. Thompson, Inc.*, 2006 WL 2465220, at *2 (D.N.J. Aug. 23, 2006) (citing *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82 n. 4 (2d Cir. 2001).

I.  **BACKGROUND AND PROCEDURAL HISTORY**

   A.  **Plaintiffs' Factual Allegations**[2]

Plaintiffs are New Jersey residents who maintained multiple checking and savings accounts with Defendant Chase, with benefits and privileges attendant to being the bank's "private clients." (Compl. ¶¶ 1, 8.) In or about April 2022, Plaintiffs were victims of identity fraud and theft—an unknown individual, referred to in the Complaint and herein as Defendant John Doe, accessed Plaintiffs' personal savings account without authorization and withdrew a substantial sum of money. (*Id*. ¶¶ 2–3, 38–39.) Chase knew or should have known that Doe had access to the Plaintiffs' account, as there were multiple minor deposits to and withdrawals from the account that were out of character for Plaintiffs. (*Id*. ¶¶ 5–7, 9.) However, Chase did nothing to prevent, or alert Plaintiffs about, Doe's withdrawals. (*Id*. ¶¶ 3–4.) Chase has also failed to provide information regarding the fraudulent conduct. (*Id*. ¶ 21.)

Some of the money unlawfully withdrawn from Plaintiffs' account was returned to them. Goldman Sachs returned funds resulting from Doe's identity theft to Chase and, after the Complaint was filed, Chase returned these funds to Plaintiffs. (*Id*. ¶¶ 12–17.)[3] Defendant Tastyworks also returned some funds invested by Doe to Plaintiffs, but the Complaint alleges that Tastyworks has refused to reimburse a "substantial sum of money." (*Id*. ¶¶ 34–36.)

   B.  **Procedural History**

Plaintiffs filed this lawsuit on December 7, 2022, in the Superior Court of New Jersey, Law Division, Passaic County. (D.E. 1-2 at 2, 39–45.) The Complaint alleges facts under the headings

---

[2] For purposes of the present Motion, the facts are drawn from the Complaint and accepted as true except where Plaintiffs admit otherwise in their opposition. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

[3] While the Second and Fourth Counts of the Complaint allege that Chase unlawfully and maliciously withheld these funds from Plaintiffs, Plaintiffs admit in their cross-motion that Chase has, in fact, credited them for the funds returned from Goldman Sachs. (D.E. 12-1 at 4.)

of eight "counts," but it does not identify any specific causes of action. (*See generally* Compl.) Tastyworks removed the suit to this Court on January 26, 2023, based on diversity jurisdiction, and Chase consented to removal. (D.E. 1; D.E. 1-5.) Tastyworks and Chase Bank each filed a motion to dismiss, and the parties have completed briefing. (D.E. 7, 8, 11, 12, 14, 15.) Plaintiffs cross-move to remand the case to state court, to amend the Complaint, to vacate this Court's order granting Thomas Haskins, Esq., leave to appear *pro hac vice*, and for an order assigning this matter to arbitration with Defendants to assume the costs. (D.E. 11, 12.)

## II.  LEGAL STANDARD

An adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). Rule 8 "requires more than labels and conclusions," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). A claim for relief must be "plausible" and a complaint will not survive a motion to dismiss if the "well-pleaded facts do not permit the court to infer more than the mere possibility" of defendant's liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (noting that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"). A complaint must also include a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

When considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to

3

relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Once a defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of showing that personal jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007); *Kim v. Korean Air Lines Co.*, 513 F. Supp. 3d 462, 468 (D.N.J. 2021). A plaintiff may present evidence outside the pleadings to support its claim of jurisdiction, such as sworn affidavits. *See Patterson v. FBI*, 893 F.2d 595, 603–04 (3d Cir. 1990). Where the court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).

### III. DISCUSSION

#### A. Jurisdiction Over Tastyworks

"A court must have the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). This Court may exercise personal jurisdiction over a defendant only to the extent authorized by New Jersey law and the Constitution. *See* Fed. R. Civ. P. 4(k)(1)(A); *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004); N.J. Ct. R. 4:4-4. A court's jurisdiction over a defendant may be general, when the defendant is "essentially at home" in the forum state, or it may be specific, when (1) the defendant has "purposefully availed

4

itself of the privilege of conducting activities within the forum," (2) plaintiff's claims arise out of or relate to those targeted activities, and (3) the exercise of jurisdiction comports with notions of fair play and substantial justice. *O'Connor*, 496 F.3d at 317 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (brackets omitted)). The defendant must have deliberately, purposefully targeted the forum. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021); *O'Connor*, 496 F.3d at 317.

Plaintiffs have failed to address Tastyworks's challenge to personal jurisdiction, and neither the Complaint nor Plaintiffs' opposition papers establish that Tastyworks was at home in, or deliberately targeted, New Jersey for any activity relating to this matter. The Complaint's only allegations concerning Tastyworks state that, despite being "advised of the fraudulent activity," Tastyworks has only partially refunded an amount invested in Tastyworks by John Doe. (Compl. ¶¶ 34–36.) Plaintiffs' filings demonstrate that their claims against Tastyworks arise from Doe targeting Tastyworks, and not from Tastyworks taking any "deliberate act reaching out to do business" in New Jersey. *Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021); *see O'Connor*, 496 F.3d at 317. Accordingly, Plaintiffs have failed to meet their burden to establish personal jurisdiction over Tastyworks, and this Court lacks power to decide the merits of their claims against it. *Lightfoot*, 580 U.S. at 95.

**B. Claims Against Chase**

Setting aside the allegations about Chase withholding funds, which Plaintiffs now concede are not true, Plaintiffs allege that Chase "knew or should have known" Doe had access to their accounts, but failed to (1) prevent Doe from withdrawing funds from the accounts, (2) notify Plaintiffs of the activity, and (3) provide them with information. (Compl. ¶¶ 3–10, 21, 31–32; D.E. 12-1 at 4.) These pleadings fall short of stating a claim for relief because they are vague and

5

conclusory, and "do not permit [this Court] to infer more than the mere possibility" that Chase is liable for any harm caused by Doe's theft. *Iqbal*, 556 U.S. at 679; *see* Fed. R. Civ. P. 8(a)(2).

To state a claim for negligence under New Jersey law, a plaintiff bears the burden to establish "(1) a duty of care, (2) breach of that duty, (3) actual and proximate causation, and (4) damages." *Jersey Cent. Power & Light Co. v. Melcar Util. Co.*, 59 A.3d 561, 571 (N.J. 2013); *see Khan v. Singh*, 975 A.2d 389, 394 (N.J. 2009). There is "no presumed fiduciary relationship between a bank and its customer." *United Jersey Bank v. Kensey*, 704 A.2d 38, 44 (App. Div. 1997). Under New Jersey law, "a bank has no obligation to manage, supervise, control or monitor the financial activity of its debtor-depositor and is not liable to its depositor in negligence for failing to uncover a major theft" unless such duty arises under contract. *Wolens v. Morgan Stanley Smith Barney, LLC*, 155 A.3d 1, 6 (App. Div. 2017) (quotation marks omitted). Plaintiffs' claims here sound in tort, and they do not allege a breach of contract. Plaintiffs' conclusory allegations that "Chase had a duty and a responsibility to notify [them] of the unusual activity" and to provide other unspecified information are insufficient, as Plaintiffs do not identify the source of any such duty. (Compl. ¶¶ 9, 21.) They allege that they had benefits and privileges as "Private Clients" but do not state with any specificity what that status means or what benefits attend that status. (*Id.* ¶ 8.)

Moreover, Plaintiffs do not dispute Chase's contention that their accounts with Chase are governed by an Account Agreement that bars their tort claims under the economic loss doctrine and requires Plaintiffs to arbitrate any dispute with Chase. (*See* D.E. 7-1 at 9–12; D.E. 7-4 at 6, 26.) "The economic loss doctrine prohibits the recovery in a tort action of economic losses arising out of a breach of contract." *Sun Chem. Corp. v. Fike Corp.*, 235 A.3d 145, 150 (N.J. 2020). Here, Plaintiffs' alleged relationship with Chase is that of individuals who maintained checking and

savings accounts with the bank. (Compl. ¶ 1.) Chase's Account Agreement is "the contract that governs [any deposit] account" with Chase, including checking and savings accounts, so Plaintiffs' relationship with Chase is governed by this contract. (D.E. 7-4 at 6.) Accordingly, Plaintiffs' tort claims against Chase seeking recovery for economic losses cannot stand. *See Sun Chem. Corp.*, 235 A.3d at 150; *Saltiel v. GSI Consultants, Inc.*, 788 A.2d 268, 280 (N.J. 2002) ("A tort remedy does not arise from a contractual relationship unless the breaching party has an independent duty imposed by law.")

### C. Cross-Motions[4]

Plaintiffs seek to amend the Complaint, but only to correct the legal name of Defendant Chase to JP Morgan Chase Bank, N.A. (D.E. 11-1 at 2, 7–13.) Leave to amend a complaint "shall be freely give[n] . . . when justice so requires," but it may be denied where amendment would be futile. Fed. R. Civ. P 15(a)(2); *see Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Amendment is futile when the proposed amended complaint fails to state a claim upon which relief can be granted or, in other words, when it fails to "cure the deficiency" that makes the original complaint vulnerable to dismissal. *Id*. at 115; *see In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997). Here, the proposed amended complaint does not make any substantive changes to Plaintiffs' claims—not even to correct factual errors they admit to in their opposition papers, such as the claim that Chase did not credit them for funds returned from Goldman Sachs. Thus, it does not cure the deficiencies that warrant dismissal of the original complaint, and this Court will deny leave to amend as futile. *Shane*, 213 F.3d at 115.

---

[4] This Court has considered the merits of Plaintiffs' cross-motions and opposition to the motions to dismiss despite the fact that they were not timely filed and Plaintiffs did not include a brief with their opposition, or an amended complaint that clearly indicates how it differs from the original pleading, as required. *See* L. Civ. R. 7.1(d), (h); 15.1(a)(2). Plaintiffs are advised that non-conforming submissions may be disregarded in the future.

Plaintiffs also seek remand to the Superior Court of New Jersey, arguing that this case was improperly removed to federal court. This Court has subject matter jurisdiction over state law claims under the diversity jurisdiction statute, 28 U.S.C. § 1332, if two requirements are satisfied. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016). First, "the parties must be completely diverse," and second, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." *Id*. at 394–95; 28 U.S.C. § 1332(a). The party asserting diversity jurisdiction "bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." *Auto-Owners Ins. Co.*, 835 F.3d at 395. If it "appear[s] to a legal certainty that the claim is really for less" than $75,000, then dismissal for lack of subject matter jurisdiction is warranted. *Auto-Owners Ins. Co.*, 835 F.3d at 395 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)). This Court's determination as to the amount in controversy must be based on the complaint "at the time the petition for removal was filed." *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

Plaintiffs do not dispute that the parties are completely diverse, and they admit that "[i]nitially, the claim appeared to be in excess of $75,000.00." (D.E. 11-1 at 3; D.E. 12-1 at 5.) However, based on information received *after* the Complaint was filed, they assert in their cross-motions that they sustained a loss of only $38,000, and then in a later-filed certification they seek to amend the loss amount again, to over $60,000. (D.E. 11-1 at 3; D.E. 14 at 2.) This Court finds that Tastyworks's notice of removal sufficiently demonstrated that the amount in controversy is greater than $75,000. (*See* D.E. 1 at 5–8.) In addition to compensatory damages, the Complaint seeks punitive damages, and the Third Circuit has recognized that claims for punitive damages "will generally satisfy the amount in controversy requirement because it cannot be stated to a legal

8

certainty that the value of the plaintiff's claim is below [$75,000]." *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) (quotation marks omitted). (Compl. ¶¶ 21, 32.) This is especially true here, given that New Jersey allows awards of punitive damages to be up to five times the liability for compensatory damages. *See* N.J.S.A. § 2A:15–5.14(b); *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007). For all of these reasons, this Court will not remand this matter to state court.

This Court will also deny Plaintiffs' request to vacate the *pro hac vice* order, as Plaintiffs present no reliable grounds for vacating this order. (*See* D.E. 11-1.) *See* L. Civ. R. 101.1(c). Counsel Haskins has had no issues complying with this Court's rules. Finally, because the Complaint is dismissed on the merits, this Court will not assign the matter to arbitration.

## II.  CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED**, Plaintiffs' Cross-Motions are **DENIED**, and Plaintiffs' Complaint is **DISMISSED** for failure to state a claim. An appropriate order follows.

       /s/ Susan D. Wigenton
    **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
    Jessica S. Allen, U.S.M.J.